UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LI MING WU, and XIAO ZHEN HUANG on behalf
of themselves and all others similarly situated,
               PLAINTIFF,

              -against-
MR Q'S GRILL HOUSE INC., GRILL HOUSE INC.,
JIA XIANG KITCHEN INC., MR Q BBQ INC.,
DIANJIAO CHEN and ALYN CHEN,
              Defendants.
-------------------------------------------------------------X

Case No.: 26-cv-4740
COLLECTIVE AND CLASS
ACTION COMPLAINT WITH
JURY DEMAND

Plaintiffs Li Ming Wu and Xiao Zhen Huang ("Plaintiffs"), on behalf of themselves and all

others similarly situated, by and through their undersigned counsel, bring this Complaint against

Defendants MR Q'S GRILL HOUSE INC., GRILL HOUSE INC., JIA XIANG KITCHEN INC.,

MR Q BBQ INC., Dianjiao Chen, and Alyn Chen, (collectively "Defendants"), and alleges as

follows:

## INTRODUCTION

1.      This is a civil collective and class action brought by Plaintiffs Li Ming Wu and Xiao

Zhen Huang on behalf of themselves and all other similarly situated employees for violations of

the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law

("NYLL"), arising from Defendants' uniform, willful, and unlawful employment policies,

including the failure to pay minimum wage, failure to pay overtime compensation, and failure to

provide required wage notices and statements.

2.      Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. §

216(b) on behalf of all non-exempt employees employed by Defendants on or after the date that is

three (3) years before the filing of this Complaint.

3.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of all non-exempt employees employed by Defendants on or after the date that is six (6) years before the filing of this Complaint.

4.     Plaintiffs allege pursuant to the FLSA that they are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest, (4) back pay, and (5) attorneys' fees and costs.

5.     Plaintiffs further allege pursuant to the New York Labor Law ("NYLL") that they are entitled to recover from Defendants: (1) unpaid overtime compensation; (2) unpaid regular minimum wages; (3) statutory damages for failure to provide legally compliant wage notices and accurate wage statements; (4) spread-of-hours premiums; (5) damages for constructive discharge/wrongful termination caused by the willful refusal to pay earned wages; (6) liquidated damages; (7) pre-judgment and post-judgment interest; and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     This Court has supplemental jurisdiction over Plaintiffs' NYLL and state-law claims pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts.

8.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' businesses are located in this District, Plaintiffs performed work in this District, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

9.     This Court has personal jurisdiction over Defendants because Defendants conduct business in New York and employ workers in New York.

## PARTIES

10.    Plaintiffs Li Ming Wu and Xiao Zhen Huang are individuals currently residing in Brooklyn, NY 11219.

11.    Defendant MR Q'S GRILL HOUSE INC. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 5302A 8th Ave, Brooklyn, NY 11220.

12.    Defendant GRILL HOUSE INC. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 90-58 Corona Ave, Queens, NY 11373

13.    Defendant JIA XIANG KITCHEN INC. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 802 56th Street, Brooklyn, NY

14.    Defendant MR Q BBQ INC. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 802 56th Street, Brooklyn, NY

15.    Defendants Dianjiao Chen and Alyn Chen are owners, officers, directors, and/or managing agents of the corporate Defendants, and exercised operational control over the businesses.

16.    Defendants Dianjiao Chen and Alyn Chen are individual employers who possessed the power to hire and fire Plaintiffs, control Plaintiffs' working schedules, determine their rate and method of payment, and maintain their employment records.

17.    In fact, Dianjiao Chen initially hired Plaintiffs, set Plaintiffs' pay, and set Plaintiffs' work schedule.

18.     Upon information and belief, Defendant Dianjiao Chen is the common owner, principal, and ultimate decision-maker of all corporate Defendants, exercises unified financial control over their operations, and maintains authority over payroll practices, hiring, firing, scheduling, and compensation across all locations.

19.     At all relevant times, Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA, with an annual gross volume of sales or business done of not less than $500,000, and routinely ordered, handled, and sold goods that moved in interstate commerce.

## FACTUAL ALLEGATIONS

### The Enterprise and Joint Employment

20.     Defendants operate a network of restaurants under the common "MR Q" trade name or enterprise ownership across multiple locations, including:

- 5302A 8th Ave, Brooklyn, NY 11220 / 779 53 St, Brooklyn, NY 11220

- 90-58 Corona Ave, Queens, NY 11373

- 802 56th Street, Brooklyn, NY

- 5824F 8th Ave, Brooklyn, NY

21.     Each of the following locations are operated under different entity names as set forth below:

| 5302A 8th Ave, Brooklyn, NY 11220<br><br>779 53 St, Brooklyn, NY 11220 | MR Q'S GRILL HOUSE INC |
| --- | --- |

| 90-58 Corona Ave, Queens, NY 11373 | GRILL HOUSE INC. |
| --- | --- |
| 802 56th Street, Brooklyn, NY | JIA XIANG KITCHEN INC and MR Q BBQ INC |
| 5824F 8th Ave, Brooklyn, NY | MR QS GOURMET INC and MR. BBQ FOOD INC |

22.    Defendants operated these locations as a single integrated enterprise and/or joint employers, sharing employees, centralized operational control, common management, and financial resources. Plaintiffs were occasionally required to work at or make deliveries to these alternative locations under the instruction of Defendants.

**Plaintiffs' Employment History and Compensation**

23.    Plaintiff Wu was employed by Defendants as a Barbecue Chef responsible for barbecuing and stock preparation from approximately March 2014 until his final departure on July 2, 2025.

24.    During Plaintiff Wu's employment from 2020 until December 2024, Plaintiff Wu's regular shift was 3:00 PM to 3:00 AM, Monday through Saturday, totaling twelve (12) hours per day and seventy-two (72) hours per week.

25.    From 2020 until December 2024, Plaintiff Wu worked at Defendants' restaurant located at 5302A 8th Ave, Brooklyn, NY 11220.

26.    From March 10, 2025 to April 6, 2025, Plaintiff Wu worked at Defendants' restaurant located at 90-58 Corona Ave, Queens, NY 11373.

27. During these 4 weeks period, Plaintiff Wu worked for 21 days. On Each Plaintiff Wu's workdays, he worked from 10 am to 10 pm. As such, Plaintiff worked approximately 60 hours per week.

28. Defendant Dianjiao Chen scheduled Plaintiff Wu to work at 90-58 Corona Ave., Queens NY location.

29. Defendants promised Plaintiff Wu a daily rate of $160 per day but failed to pay him any wages during this period.

30. From June 13, 2025 to July 2, 2025, Plaintiff Wu worked at Defendants' restaurant located at 802 56th Street, Brooklyn, NY.

31. From June 13, 2025 to July 2, 2025, Plaintiff Wu was scheduled to work part-time generally from Monday to Wednesday for three days a week from 2 pm to 2 am. Thus, Plaintiff worked 36 hours per week during this period of time.

32. From June 13, 2025, to July 2, 2025, Plaintiff Wu was paid at a daily rate of $160 per day.

33. From June 13, 2025, to July 2, 2025, Defendant Alyn Chen set Plaintiff's schedule.

34. During the majority of his employment, Plaintiff Wu worked thirty-two (32) overtime hours each week in excess of forty (40) hours, but Defendants never compensated Plaintiff Wu at the legally required overtime rate of one and one-half times his regular rate.

35. From 2020 to November 2021, Plaintiff Wu was compensated at a flat monthly rate at $3,800 per month.

36. From December 2021 to March 2022, Plaintiff Wu was compensated at a flat monthly rate at $4,200 per month.

37. From April 2022 to June 2022, Plaintiff Wu was compensated at a flat monthly rate at $4,200 per month

38. In July 2023, Plaintiff Wu was compensated at a flat monthly rate at $4,300 per month.

39. From August 2022 to December 2022, Plaintiff Wu was compensated at a flat monthly rate at $4,400 per month

40. From January 2023 to May 2023, Plaintiff Wu was compensated at or promised a flat monthly rate at $4,500 per month.

41. From June 2023 until December 2024, Plaintiff Wu was promised a flat monthly rate at $4,800 per month.

42. During the final stretch of his employment, Defendants completely failed to pay Plaintiff Wu his monthly salary for a total of approximately sixteen (16) months.

43. Plaintiff Huang was employed by Defendants as server from approximately 2016. Subsequently and after the Covid pandemic, since May 2020 to November 2023, Plaintiff Huang resumed her work with Defendants.

44. Plaintiff Huang was required to work 6 days per week from 3 pm to 3 am Monday through Saturday, totaling twelve (12) hours per day and seventy-two (72) hours per week.

45. Plaintiff Huang worked at Defendants' restaurant located at 802 56th Street, Brooklyn, NY.

46. From May 2020 to November 2021, Plaintiff Huang was paid a monthly flat wage for $3,000 per month.

47. From December 2021 to June 2022, Plaintiff Huang was paid a monthly flat wage for $3,200 per month.

48.     From July 2022 to November 2023, Plaintiff Huang was paid a monthly flat wage for $3,300 per month.

49.     Defendants failed to provide Plaintiffs with required uninterrupted meal breaks.

50.     As a direct result of Defendants' continuous, systematic, and willful failure to pay Plaintiffs' legally owed regular wages, minimum wages, and overtime compensation over an extended period, Plaintiffs' working conditions became entirely intolerable. Defendants' absolute financial withholding and complete refusal to pay wages made it impossible for Plaintiff Wu to sustain basic livelihood, thereby executing a constructive discharge and forcing the termination of his employment in 2025.

51.     Defendants failed to provide Plaintiffs with a written wage notice in Plaintiffs' preliminary language at the time of hire and/or each time Plaintiffs' rate of pay changed.

52.     Defendants failed to provide accurate, itemized weekly paystubs detailing regular hours, overtime hours, hourly rates, and company contact information.

53.     On each working day, Plaintiffs' spread of hours regularized at twelve (12) hours, exceeding the statutory limit of ten (10) hours per day, but Defendants failed to provide the additional one hour of pay at the basic minimum wage rate required under the NYLL.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

54.     Plaintiffs bring their FLSA claims as a collective action pursuant to the provisions of 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons ("the FLSA Collective"):

*All current and former non-exempt employees (including but not limited to chefs, kitchen staff, waitstaff, and delivery workers) who were employed by Defendants at any time during the three (3) years preceding the filing of this Complaint up to the date of final judgment in this matter.*

55.     The claims of Plaintiffs are essentially the same as those of the other FLSA Collective Members. All were subject to Defendants' common plan, policy, and practice of:

- Failing to pay the overtime premium of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek; and

- Compensating employees on an arbitrary flat-rate basis regardless of actual hours worked.

56.     Plaintiffs and the FLSA Collective Members are "similarly situated" within the meaning of 29 U.S.C. § 216(b) because they performed similar duties, were subject to the same centralized operational control across Defendants' joint enterprise, and were victims of the exact same systemic wage theft policies.

**RULE 23 CLASS ACTION ALLEGATIONS**

57.     Plaintiffs bring their NYLL claims as a class action pursuant to FRCP Rule 23 on behalf of themselves and the following class of persons ("the Rule 23 Class"):

*All current and former non-exempt employees who were employed by Defendants in the State of New York at any time during the six (6) years preceding the filing of this Complaint up to the date of final judgment in this matter.*

58.     **Numerosity:** The members of the Rule 23 Class are so numerous that joinder of all members is impracticable. Upon information and belief, given Defendants' operation of at least four (4) restaurant locations over a six-year period, the Class contains in excess of forty (40) members.

59. **Commonality:** There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. These common questions include, but are not limited to:

- Whether Defendants failed to pay the Class Members the minimum wage required by the NYLL;

- Whether Defendants failed to pay the Class Members overtime compensation;

- Whether Defendants failed to pay "spread of hours" premiums when workdays exceeded 10 hours;

- Whether Defendants failed to provide accurate time-of-hire wage notices (NYLL § 195(1)); and

- Whether Defendants failed to provide accurate, itemized wage statements (NYLL § 195(3)).

60. **Typicality:** Plaintiffs' claims are typical of the claims of the Rule 23 Class because Plaintiffs and all Class Members were subject to Defendants' uniform policies and practices that willfully violated the NYLL.

61. **Adequacy of Representation:** Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class. Plaintiffs have no interests antagonistic to the Class and has retained counsel competent and experienced in complex class action wage-and-hour litigation.

62. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by individual Class Members may be relatively small, making it economically infeasible for them to pursue individual litigation. Furthermore, many Class Members are vulnerable workers who may fear retaliation if they bring individual claims.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

FLSA Overtime Violations

63.    Plaintiffs reallege and incorporate all prior allegations by reference.

64.    Defendants failed to compensate Plaintiffs at a rate of not less than one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

65.    Defendants' failure to pay overtime compensation was willful, rendering them liable for unpaid wages, liquidated damages, and attorneys' fees.

### SECOND CAUSE OF ACTION

New York Labor Law Overtime Violations

66.    Plaintiffs reallege and incorporate all prior allegations by reference.

67.    Defendants failed to pay Plaintiffs overtime compensation for hours worked in excess of forty (40) hours per week at one and one-half times their respective regular rate, in violation of the NYLL and its supporting Wage Orders.

### THIRD CAUSE OF ACTION

NYLL Unpaid Minimum Wage

68.    Plaintiffs reallege and incorporate all prior allegations by reference.

69.    Defendants failed to pay Plaintiff Wu's agreed-upon regular wages for approximately sixteen (16) months of labor, and systematically paid Plaintiffs effective hourly rates below the statutory thresholds, in direct violation of the NYLL and Article 19 minimum wage requirements.

### FOURTH CAUSE OF ACTION

FLSA & NYLL RETALIATION

70.    Plaintiffs reallege and incorporate all prior allegations by reference.

71.     Defendants' continuous and willful refusal to compensate Plaintiff Wu for his labor, combined with the outright withholding of sixteen (16) months of wages, created severe, hostile, and intolerable working conditions.

72.     Plaintiff Wu demanded payments from Defendants, Defendants in return requires him to work at different locations at lower rate.

73.     This systematic financial deprivation left Plaintiff Wu with no reasonable alternative but to end his employment. Defendants' conduct constitutes an unlawful constructive discharge ("constructive firing"), serving as an adverse employment action and wrongful termination under the law, rendering Defendants liable for front pay, back pay, and associated damages.

**FIFTH CAUSE OF ACTION**

Failure to Provide Time-of-Hire Wage Notice (NYLL § 195(1))

74.     Plaintiffs reallege and incorporate all prior allegations by reference.

75.     Defendants failed to provide Plaintiffs with a compliant written wage notice at the time of hire, and at each time Plaintiff's rate of pay was changed rendering them liable for statutory damages up to the maximum legal limit of $5,000.

**SIXTH CAUSE OF ACTION**

Failure to Provide Accurate Wage Statements (NYLL § 195(3))

76.     Plaintiffs reallege and incorporate all prior allegations by reference.

77.     Defendants failed to provide accurate, written itemized wage statements with each payment of wages, rendering them liable for statutory damages up to the maximum legal limit of $5,000.

**SEVENTH CAUSE OF ACTION**

Violation of NYLL Spread of Hours Requirements

78.     Plaintiffs reallege and incorporate all prior allegations by reference.

79.     12 NYCRR § 146-1.6 requires an additional hour of pay at the basic minimum wage rate.

80.     Plaintiffs' daily spread of hours routinely exceeded ten (10) hours, and Defendants willfully failed to pay Plaintiffs the required additional hour of compensation at the statutory minimum wage rate for each such workday.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for:

a.  Unpaid overtime compensation under the FLSA and NYLL within the applicable recovery periods;

b.  Unpaid regular minimum wages under the NYLL;

c.  Unpaid spread-of-hours compensation;

d.  Damages for wrongful termination and constructive discharge, including back pay and front pay;

e.  Liquidated damages under the FLSA and NYLL;

f.  Statutory damages of $5,000.00 for failure to provide a time-of-hire wage notice, and $5,000.00 for failure to provide accurate wage statements;

g.  Pre-judgment and post-judgment interest;

h.  Reasonable attorneys' fees and costs; and

i.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Date: August 4, 2026

*/s/Shan Zhu*
Shan Zhu
*Counsel for Plaintiffs*
38-08 Union Street, 9A
Flushing, NY 11354
347-470-7008
Email: szhu@szhulaw.com